IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OBADIAH SAVOY DILLARD, #I00275,
    Plaintiff,

vs.                                    Case No.: 5:12cv184/RS/EMT

DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

    Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis (docs. 1, 2). Leave to proceed in forma pauperis is granted for the purpose of this recommendation.[1]

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

    Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 5–6). Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it

---

[1] In the event that this recommendation is not adopted, the court will reconsider Plaintiff's motion to proceed in forma pauperis, which may require submission of additional documentation and result in the assessment of an initial partial filing fee.

involved excessive force or some other wrong)?" (*id.* at 6). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" and listed a single case, Case No. 1:11cv21/SPM/GRJ, filed in the Gainesville division of this court (*id.*). No supplemental pages are attached to the complaint. The court notes, however, that in a different civil rights action filed by Plaintiff in the Pensacola Division of this court—which he filed on same day he filed the instant case in the Panama City Division—in response to question C of Section IV Plaintiff listed no federal case but listed a state case, numbered "612012CA000036" (*see* Case No. 3:12cv286/MCR/EMT, doc. 1 at 4). Plaintiff explained in the case filed in the Pensacola Division that the prior state case involved allegations of false imprisonment and excessive use of force by law enforcement officers (*see id.*). Information about the state court case was not included in response to Question IV.C in the instant case, even though Plaintiff deemed it necessary to include it in response to the same question in the other case, and the undersigned is aware of the state case only because she had recently reviewed the other complaint filed by Plaintiff. Moreover, Plaintiff explained in the instant case that Case No. 1:11cv21/SPM/GRJ was dismissed for "miss deadline" (doc. 1 at 6), but this explanation is not accurate.[2]

Question D of Section IV of the complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (doc. 1 at 6) (emphasis added). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "No" (*id.*). Thus, despite the clear language of the question asking about "**any** action," Plaintiff has in effect stated that he has had no actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. This answer is untrue. As previously noted, the case Plaintiff identified in question C, Case No. 1:11cv21/SPM/GRJ, was dismissed prior to service for failure to state a claim and thus should have been included in Plaintiff's answer to question D as well.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE**

---

[2] The magistrate judge issued a recommendation that the case be dismissed for failure to state a claim on October 10, 2011 (*see* Case No.: 1:11cv21/SPM/GRJ, doc. 15). Plaintiff was granted two extensions of time in which to file objections, but never did so. The district court adopted the magistrate judge's recommendation and dismissed the case without prejudice on January 4, 2012 (*id.,* doc. 27).

Case No.: 5:12cv184/RS/EMT

**FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (doc. 1 at 8).

In light of 28 U.S.C. § 1915(g), this court must independently investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision of that statute.[3] The information from Section IV of the form is also useful to the court in other ways. The information helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[4]

Here, Plaintiff filed two cases in separate divisions of the Northern District of Florida on or about the same date.[5] The information provided on the two complaints about his prior litigation, each of which was signed under penalty of perjury, is inconsistent, in addition to being incomplete and therefore false. Plaintiff had no way of knowing that his two cases, filed in separate divisions of this court, would be assigned to the same magistrate judge, and thus that his failure to provide truthful and complete information would be discovered.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any

---

[3] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[4] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, mailciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

[5] While Plaintiff did not note a precise date on either the instant complaint or the complaint he filed in the Pensacola Division (he indicated only that each complaint was delivered to prison officials for mailing on "the __ day of ___ 2012" (*see* doc. 1 at 8; case 3:12cv286/MCR doc. 1 at 8)), each the complaint was received by the court on June 14, 2012, and was presumably mailed shortly before.

Case No.: 5:12cv184/RS/EMT

pleading or motion filed before it.  Here, Plaintiff provided false or incomplete answers to two questions on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[6]  If Plaintiff suffered no penalty for his incomplete and thus untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true and complete factual statements or responses is to dismiss this cause <u>without</u> <u>prejudice</u>.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED:**

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **GRANTED** for purposes of this order.  This ruling is subject to reconsideration if the instant recommendation is not adopted by the district court.

And it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

**DONE AND ORDERED** this 27th day of June 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3) (emphasis and capitalization in original).

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**